■ In the Matter of the Claim of BIRGIT GROVE, Respondent, v GROVE, SHEPHERD, WILSON & KRUGE, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed February 25, 1980. The record reveals that decedent was president of and employed by the corporate employer. On July 27, 1975, he was involved in an automobile accident while driving guests from his summer home at Skaneateles, New York, to Binghamton Airport to board a plane for New York City. Decedent died on August 16, 1975 as a result of the injuries sustained. No claims for disability or death benefits were filed within the two-year period required by section 28 of the Workers' Compensation Law. The board found "that while the decedent was hospitalized he was paid his regular salary by the corporate employer with a knowledge that such disability arose out of and in the course of his employment and this constitutes an advance payment of compensation so as to waive the bar under the provisions of Section 28 of the law in the disability claim". The board further found that "following the demise of the decedent on 8/16/75, he was continued on the corporate payroll until 8/31/75, that his widow was continued on the corporate payroll for minimal services, that the private apartment in the Sherry Netherland Hotel was continued for some nine months subsequent to the demise of decedent; that widow was given continued use of a boat and car furnished by the employer, all with a knowledge on the part of the employer that the decedent's disability and death resulted from a work related accident and considered part of compensation due widow for such accidental injury and death, and constitutes an advance payment of compensation so as to waive the bar under the provisions of Section 28 of the Law." On this appeal, the employer and insurance carrier contend that the accident did not arise out of and in the course of employment and that neither the claim for disability nor the claim for death benefits was timely filed pursuant to section 28. We disagree and are to affirm. As to the first issue, the record reveals that one of decedent's guests was a banker from Caracas, Venezuela, who was discussing with decedent while at decedent's home the construction of a proposed subway in Caracas by the employer. The record also reveals that they were riding in a car rented by the employer at the time of the accident. Turning to the notice issue, we are of the view that the continued payment of salary to the decedent while hospitalized amounted to an advance payment and constituted a waiver of the requirements of section 28 of the Workers' Compensation Law in the disability claim. The advances made to the wife, particularly the paying of the apartment rent, had the same effect in the death claim. Decision affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.